No. 2932

Second Circuit

---

## YOUNSE ET AL. v. QUEEN INSURANCE COMPANY OF AMERICA

---

(July 1, 1929. Opinion and Decree.)
(October 1, 1929. Rehearing Refused.)

---

John M. Munholland, of Monroe, attorney for plaintiffs, appellees.

J. S. Atkinson and Alex S. Smith, of Shreveport, attorneys for defendant, appellant.

REYNOLDS, J. Defendant issued to plaintiff Thomas Ruell Younse its policy of insurance against loss or damage by fire to the amount of $1,000.00 "on the one and one half story shingle roof frame building. * * * isolated on the east side of Elm street and north side of Allen street in the town of Choudrant, Louisiana." By stipulation attached to and made part of the policy any loss or damage ascertained and proven to be due the assured under the policy was made payable to plaintiff Mrs. Elizabeth Y. Braswell.

On October 17, 1923, the property insured was totally destroyed by fire, and the purpose of this action is to obtain judgment for the amount of the policy and legal interest thereon from the date of the loss, and for the 12 per cent. damages and reasonable attorney's fees allowed by Act No. 168 of 1908.

Three defenses were interposed, namely:

(1) That the policy stipulates that:

"No suit or action on this policy for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements nor unless commenced within twelve months next after the fire;" and that plaintiffs' cause of action accrued October 17, 1923, and citation was not served until October 18, 1923, and that therefore the action was prescribed.

(2) That the policy stipulates that:

"This entire policy, unless otherwise provided by agreement, endorsed hereon or added hereto, shall be void * * * if the interest of the insured be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the assured in fee simple;" and that at the time of the loss Thomas Ruell Younse was not unconditional or sole owner of the property insured and did not own the land on which the insured property stood in fee simple; and that therefore the policy was void.

(3) That the policy stipulates that:

"This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or pro-

cure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy;" that the policy permitted only additional insurance to the amount only of $2,000, and that after the issuance of the policy Thomas Ruell Younse effected additional insurance on the property to the amount of $4,000 by two policies each for $2,000; and that consequently that policy was avoided.

On these issues the case was tried and there was judgment in favor of the plaintiff Thomas Ruell Younse and against the defendant, Queen Insurance Company of America, for the amount of the policy, $1,000, with legal interest thereon from October 17, 1923, and for $120, being a penalty of 12 per cent. on the amount of the policy, and for $100, as a reasonable attorney's fee.

The defendant appealed, and plaintiff Thomas Ruell Younse has answered the appeal and asks that the judgment be amended by increasing the amount allowed as a reasonable attorney's fee to 25 per cent. of the amount of the judgment rendered.

### OPINION.

I. The plea of prescription cannot be sustained. The cause of action accrued on October 17, 1923, the date of the fire, and the suit was filed October 13, 1924. This was within one year of the accrual of the cause of action, and interrupted prescription.

Section 27 of Act No. 267 of 1914 provides:

"That in all suits against corporations, whether foreign or domestic, all prescriptions against corporations shall be interrupted by the filing of the suit in the court having jurisdiction of the action against the corporation."

But defendant insists that Act No. 267 of 1914 does not apply to insurance corporations, but expressly excludes them from its operation.

No decision is cited in support of this contention, and we have not been able to find any in point. The question appears to be res novo.

The section of the act above copied does not except insurance corporations from its application, and apparently applies alike to all classes of corporations.

Defendant points to the first paragraph of the title of the act, reading:

"To prescribe the manner in which corporations of all kinds, except corporations engaged in banking and insurance in all of its forms, homestead, building and loan associations may be organized, the articles of incorporation amended and their conduct and management after organization."

And to the corresponding section of the body of the act, reading:

"That three or more natural persons of full age or duly emancipated may, under this act, unite to form a stock corporation for any lawful business purpose, or purposes, *except* the business of banking and *insurance* in all of their several forms, and homestead, building and loan associations * * *" (italics ours)—as supporting its contention.

As these paragraphs clearly relate only to the *organization* of corporations, we are of the opinion that the exception was intended to provide that only in the matter of *organization* are insurance corporations excepted from the operation of the act.

And we are confirmed in this view by that paragraph of the title corresponding to section 27, which reads:

"To provide for the manner in which corporations and their officers, agents and employees may be served with legal process, and the manner in which they may be

brought into court in the absence of such service, and to fix the venue of all suits, against them, and to fix when prescription against corporations shall be interrupted."

It will be noted that neither this paragraph of the title nor section 27 excludes corporations of any kind, and that both apparently apply to all classes of corporations.

We therefore conclude that section 27 of Act No. 267 of 1914 applies to insurance corporations, and that the plea of prescription is not well taken.

Nor was the defense that plaintiff, Thomas Ruell Younse, was not, at the time of the fire, the unconditional and sole owner of the property insured.

Some years before the fire the plaintiff Younse built the property insured for use as a residence for himself and family, and it was being so used at the time of the fire.

Regarding the title to the land on which the burned property stood, J. B. Richmond testified:

"Q. I direct your attention to the fact that in June, 1906, J. W. Davis and J. B. Richmond bought a square of ground from J. S. Roane. Are you the same Richmond?
"A. Yes, sir.
"Q. Do you remember the circumstances?
"A. Yes, sir.
"Q. What did you do with your interest in that square of ground?
"A. Sold it to Mr. Younse.
"Q. About how long ago?
"A. About fifteen years ago.
"Q. What Younse was that?
"A. T. R. Younse.
"Q. Did you and he execute deeds at that time?
"A. Well, to the best of my recollection we did.
"Q. Did he take possession of that property at that time? (This question was not answered.)

"Q. Have you paid any taxes on that property since you say you transferred it to Mr. Younse many years ago?
"A. No, sir.
"Q. Have you exercised any claim of ownership since that time?
"A. No, sir.
"Q. Do you know who has been in possession of it since you say you transferred to him?
"A. It seems he has.
"Q. There was put on record here, under date of July 10, 1925, a deed from J. B. Richmond to T. R. Younse. Do you know why that deed was executed?
"A. It seems to me Mr. Younse had told me he had lost the original deed.
"Q. Was any money or consideration of any kind paid by Mr. Younse to you last year when this new deed was recorded and executed?
"A. No, sir."

The plaintiff J. R. Younse testified about it:

"Q. Mr. Younse, you have heard the testimony of T. R. Younse and J. B. Richmond with reference to the passing of deeds of Mr. Richmond's half interest in this property, sometimes designated as lot 4 and sometimes as lot C. Have you any recollection about that transaction?
"A. Yes, sir.
"Q. What do you remember about it?
"A. I remember they exchanged lots, traded lots, and that T. R. Younse got this half of block C and traded him a lot around on the front, and gave him the difference.
"Q. Do you know whether or not any deeds were executed at the time?
"A. They were.
"Q. Where were they executed?
"A. In our store office."

Under date of July 10, 1925, J. B. Richmond executed to Thomas Ruell Younse a deed to his undivided half interest in the land in question. Thomas Ruell Younse had purchased from J. R. Younse in January, 1915, an undivided fourth interest in the property. The two, J. R. Younse and T. R. Younse, had in 1914 purchased an undivided half of the property from

J. W. Davis. Davis and J. B. Richmond had acquired it equally and in indivision from J. S. Roane.

We are satisfied that Thomas Ruell Younse had obtained a deed to Richmond's undivided half of the land prior to the effecting of the insurance here involved, and that at the time of the fire he was the sole and unconditional owner of the land.

Nor can defendant's remaining contention that plaintiff Thomas Ruell Younse had effected more insurance on the property destroyed than the contract of insurance permitted be sustained.

The supposed unauthorized insurance consisted of a policy for $2,000 issued by the Svea Fire & Life Insurance Company, Limited, but the property insured under that policy was not the same as that insured under the policy sued on. The policy issued by the former company insured a "one story shingle roof frame building * * * while occupied by owner as a dwelling and situated as follows: * * * west side of Elm street, Block No. 2 in the town of Choudrant, Louisiana," while the property covered by the policy sued on describes the property insured as a "one and one half story shingle roof frame building * * * while occupied by owner as a dwelling and situated as follows: * * * isolated on the east side of Elm street and north side of Allen street in the town of Choudrant, Louisiana"—an altogether different piece of property. The property insured under one policy is a one and one-half story building on one side of a street while that insured under the other policy is a one-story building on the opposite side of the same street. There is no ambiguity in the description in either policy, and only by a strained construction could it be said that the two descriptions are of one and the same property.

"To constitute 'other insurance,' avoiding previous policy, the additional insurance must be upon the same subject, risk, and interest, effected by the same insured, or for his benefit, or with his knowledge or consent; that neither identity of name nor identity of property is decisive upon the question; the interests covered by the policies must also be identical." Cannon vs. Home Insurance Co., 49 La. Ann. 1367, 22 So. 887.

Defendant testified that, if the policy in the Svea Company was intended to cover the property destroyed by fire, it was issued without his knowledge or consent. A policy so issued is not a violation of the "other insurance clause." Cannon vs. Home Insurance Co. supra; Knop vs. Lafayette Fire Insurance Co., 14 Orl. App. 400.

Plaintiff's request that the amount of attorney's fees allowed be increased cannot be granted. The case was tried partly on the record in another suit by the same plaintiff against another insurance company on a policy of insurance on the same property as that covered by the policy here sued on. We are of the opinion that the fee allowed by the trial judge was reasonable under the circumstances, and that it should not be increased.

We find no error in the judgment appealed from, and accordingly it is affirmed.

WEBB, J., dissents.